CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
July 11, 2024
LAURA A. AUSTIN, CLERK
BY: s/A. Beeson
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| DAN OLIVER, | ) |
| | ) |
| Plaintiff, | ) Civil Action No. 7:24cv00435 |
| | ) |
| v. | ) **MEMORANDUM OPINION** |
| | ) |
| WARDEN, | ) By:   Hon. Thomas T. Cullen |
| | )        United States District Judge |
| Defendant. | ) |

Plaintiff Dan Oliver, a Virginia prisoner proceeding *pro se*, filed this civil action under 42 U.S.C. § 1983 and did not pay the filing fee. At least three of Oliver's previous actions have been dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted.[1] Therefore, Oliver may not proceed with this action unless he either prepays the filing fee or shows that he is "under imminent danger of serious physical injury."[2] 28 U.S.C. § 1915(g).

As Oliver has neither prepaid the filing fee nor demonstrated that he is "under imminent danger of serious physical injury,"[3] the court dismisses his complaint without prejudice under § 1915(g).

---

[1] *See e.g., Oliver v. Braxton*, No. 1:01cv121 (E.D. Va. Mar. 30, 2001) (dismissed for failure to state a claim); *Oliver v. Taylor*, No.1:01cv221 (E.D. Va. Mar. 30, 2001) (dismissed for failure to state a claim); *Oliver v. Braxton*, No.1:01cv568 (E.D. Va. May 16, 2001) (dismissed for failure to state a claim). *See also Oliver v. Osborne*, 75 F. App'x 209 (4th Cir. 2003) (affirming dismissal under § 1915(g)).

[2] The court notes that Oliver has been advised of his three-striker status on multiple occasions by this court. *See e.g., Oliver v. Osborne*, No. 7:03cv683 (W.D. Va. Oct. 22, 2003); *Oliver v. Young*, No. 7:18cv525 (W.D. Va. Oct. 30, 2018); and *Oliver v. Unknown*, No. 7:19cv56 (W.D. Va. Jan. 29, 2019).

[3] Oliver alleges that the Warden of Greensville Correctional Center ("Greensville") and "some of his staff" have violated Oliver's Fifth, Eighth, and Fourteenth Amendment rights. (Compl. at 1 [ECF No. 1].) He states that Greensville staff "[i]llegal[]ly had [him] committed to[ Marion Correctional Treatment Center ("Marion")]"

The Clerk shall send a copy of this Memorandum Opinion and the accompanying Order to Plaintiff.

**ENTERED** this 11th day of July, 2024.

> */s/ Thomas T. Cullen*
> HON. THOMAS T. CULLEN
> UNITED STATES DISTRICT JUDGE

---

even though he does "not have a mental health condition." (*Id.*) He also alleges he has not received his "$502 million dollars" from staff at Greensville or the Commonwealth of Virginia; that Greensville "moved [him] to[] [Marion] to have [his] kidneys taken . . . even when there's nothing wrong with him"; his outgoing and incoming letters are "being stolen" at Greensville and Marion; and Greensville staff "gave [him] FAKE court orders denying [his] case." (*Id.* at 2.) As relief, he asks the court to "enforce" his constitutional rights and order the defendants to "pay [him his] money and to stop all violations." (*Id.* at 3.) Oliver's allegations do not suggest that he is under imminent danger of serious physical injury. *See Springer v. Day*, No. 7:16cv261, 2016 U.S. Dist. LEXIS 76270, at *3, 2016 WL 3248601, at *1 (W.D. Va. June 13, 2016) (quoting *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002)) ("Courts have held that the imminent danger exception to § 1915(g)'s 'three strikes' rule must be construed narrowly and applied only for 'genuine emergencies,' where 'time is pressing' and 'a threat . . . is real and proximate' to the alleged official misconduct.")